# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LEON C. NORMAN, JR.,

    Petitioner,

    -vs-

WARDEN, London Correctional
  Institution,

    Respondent.

:

:

:

Case No. 1:10-cv-866

District Judge Sandra S. Beckwith
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

Petitioner Leon Norman brought this habeas corpus action under 28 U.S.C. § 2254 to obtain relief from the forty-eight year sentence he is serving upon conviction for a series of aggravated robberies withe firearm specifications. The case arises from the fact that Mr. Norman has been resentenced a number of times for these offenses.

### Procedural History

Norman was indicted in 1998 on five counts of aggravated robbery and eight counts of robbery, all with firearm specifications. He was found guilty by a jury of five counts of aggravated robbery and four counts of robbery and sentenced to fifty-two years imprisonment. On appeal the Hamilton County Court of Appeals *sua sponte* found that the judgment did not include the findings

of fact required at that time[1] for imposition of consecutive sentences and remanded for resentencing. *State v. Norman*, 137 Ohio App. 3d 184 (1st Dist. 1999).

On remand the trial judge reduced the sentence from fifty-two to forty-eight years. The Judgment Entry embodying the new sentence reads in pertinent part:

> Defendant is sentenced to be imprisoned as follows:
>
> **count 11:** CONFINEMENT: 9 Yrs DEPARTMENT OF CORRECTIONS.
> TO BE SERVED CONCURRENT WITH COUNT TWELVE.
> CONFINEMENT ON SPECIFICATION: 3 Yrs DEPARTMENT OF CORRECTIONS TO BE SERVED FIRST.
>
> **count 10:** CONFINEMENT; 7 Yrs DEPARTMENT OF CORRECTIONS
> TO BE SERVED CONCURRENT WITH COUNT NINE.
> CONFINEMENT ON SPECIFICATION: 3 Yrs DEPARTMENT OF CORRECTIONS TO BE SERVED FIRST;
>
> **count 12:** CONFINEMENT: 7 Yrs DEPARTMENT OF CORRECTIONS
> TO BE SERVED CONCURRENT WITH COUNT ELEVEN.
> CONFINEMENT ON SPECIFICATION: 3 Yrs DEPARTMENT OF CORRECTIONS TO BE SERVED FIRST. THE THREE YEAR GUN SPECS ARE CONSECUTIVE AND BEFORE THE REGULAR SENTENCES COMMENCE. THE SENTENCES ARE MANDATORY. RESTITUTION ORDERS RESERVED. PROBATION TERMINATED IN B9706744.
>
> **count 2:** CONFINEMENT: 7 Yrs DEPARTMENT OF CORRECTIONS
> TO BE SERVED CONCURRENT WITH ONE.
> CONFINEMENT ON SPECIFICATION: 3 Yrs DEPARTMENT OF CORRECTIONS TO BE SERVED FIRST.
>
> **count 5:** CONFINEMENT: 7 Yrs DEPARTMENT OF CORRECTIONS

---

[1] I.e., before February 27, 2006, when *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006), was decided.

>    TO BE SERVED CONCURRENT WITH COUNTS FOUR AND SIX.
>    CONFINEMENT ON SPECIFICATION: 3 Yrs DEPARTMENT OF CORRECTIONS TO BE SERVED FIRST.
>
>    **count 6:** CONFINEMENT: 7 Yrs DEPARTMENT OF CORRECTIONS TO BE SERVED CONCURRENT WITH COUNTS FOUR AND FIVE.
>    CONFINEMENT ON SPECIFICATION: 3 Yrs DEPARTMENT OF CORRECTIONS TO BE SERVED FIRST.
>
>    **count 4:** CONFINEMENT: 9 Yrs DEPARTMENT 011 CORRECTIONS
>    TO BE SERVED CONCURRENT WITH COUNTS FIVE AND SIX.
>    CONFINEMENT ON SPECIFICATION: 3 Yrs DEPARTMENT OF CORRECTIONS TO BE SERVED FIRST
>
>    **count 1:** CONFINEMENT: 9 Yrs DEPARTMENT OF CORRECTIONS
>    TO BE SERVED CONCURRENT WITH COUNT TWO.
>    CONFINEMENT ON SPECIFICATION: 3 Yrs DEPARTMENT OF CORRECTIONS TO BE SERVED FIRST.
>
>    **count 9:** CONFINEMENT, 9 Yrs DEPARTMENT OF CORRECTIONS
>    TO BE SERVED CONCURRENT WITH COUNT TEN.
>    CONFINEMENT ON SPECIFICATION: 3 Yrs TO BE SERVED FIRST.

(Judgment Entry of January 12, 2000, Ex. 1 to Return of Writ, Doc. No. 12, PageID 60-61.) The Judgment Entry does not say that these sentences are to be served consecutive to one another.

Mr. Norman appealed. He plainly understood then, whatever the Judgment Entry said on its face, that the sentence was for forty-eight years, because his sole assignment of error on appeal was that Judge Kraft, although he had reduced the cumulative sentence by four years, had not made the findings of fact then required by state law under *State v. Edmonson*, 86 Ohio St. 3d 324 (1999)( See Assignment of Error quoted at Return of Writ, Doc. No. 12, PageID 35.)  The court of

appeals affirmed, specifically noting that the cumulative sentence was forty-eight years. *State v. Norman,* Case No. C-000052 (Copy at Ex. 4 to Return of Writ, PageID 106).

Apparently nothing happened in the state courts until 2008 when the trial court added a notice of post-release control to the judgment entry. *Id.* Ex. 5. Norman appealed, asserting for the first time that he had been re-sentenced in 2000 to twenty-one years, rather than forty-eight. Since Judge Beth Myers had replaced Judge Kraft as the sentencing judge, he also raised an issue of vindictiveness under *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). The court of appeals held

> Norman's sole assignment of error alleges that the trial court erred in sentencing him. Norman first argues that the trial court improperly increased his sentence by 27 years as a result of vindictiveness prohibited by *North Carolina v. Pearce* [citation omitted]. We disagree. The trial court originally sentenced Norman to 52 years' incarceration. That sentence was vacated. The court resentenced Norman and he appealed. We upheld the "forty-eight-year sentence imposed by the trial court for a series of aggravated robberies. [citation omitted] The trial court returned Norman for resentencing and post-release-control notification, and again imposed a 48-year aggregate sentence. *North Carolina v. Pearce* is inapplicable because the court did not increase Norman's sentence.

*State v. Norman*, Case No. C-080192 (copy at Return of Writ, Ex. 12, quotation at PageID 164). The Ohio Supreme Court declined jurisdiction over an attempted appeal.

In the meantime, the court of appeals remanded for resentencing upon finding that the aggravated robbery and robbery convictions were allied offenses of similar import requiring merger under Ohio Revised Code § 2941.25. On remand Norman again received a forty-eight year sentence. Subsequent appeals to the First District Court of Appeals and the Ohio Supreme Court were unsuccessful and Mr. Norman filed the instant Petition.

## Analysis

Petitioner raises only one Ground for Relief in which he claims that he was in fact sentenced to twenty-one years imprisonment on the first re-sentencing and that the increase to forty-eight years thereafter violates his Eighth and Fourteenth Amendment rights.

Respondent concedes that the January 12, 2000, Judgment Entry does not state that the sentences are to be served consecutively, but notes that Judge Kraft made it clear on the record that that is what he intended (See Transcript of 2000 re-sentencing attached to Return of Writ). Certainly when the appeal was taken from that re-sentencing, Mr. Norman knew the intended sentence was forty-eight years because that is the way he referred to it in his brief. The court of appeals also understood it was a forty-eight year sentence.

Respondent raises three affirmative defenses and also contends the claim is without merit. He contends that the Petition is barred by the one-year statute of limitations adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). Secondly, he contends the claim is procedurally defaulted because Mr. Norman did not raise it at his first opportunity to do so in the state courts. Thirdly, he contends the Petition raises only a state law issue. Finally, on the merits, he contends the state court of appeals decision is neither contrary to nor an unreasonable application of Supreme Court precedent.

## Statute of Limitations

In his Traverse, Petitioner avers that he was notified by the Bureau of Sentence Computation

in 2000 that he was only sentenced to twenty-one years[2] and that is why he made no challenge until after the second re-sentencing (Traverse, Doc. No. 13, PageID 323-324). He claims his appellate attorney's concession about the forty-eight years was made by the attorney alone.

The Magistrate Judge believes Petitioner has presented a convincing case for equitable tolling of the statute of limitations in this instance. The AEDPA statute is subject to equitable tolling. . *Holland v. Florida*, 560 U.S. ___, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010)**.** In determining whether equitable tolling is appropriate, courts in the Sixth Circuit follow the test set out in *Andrews v. Orr*, 851 F.2d 146 (6th Cir.1988), in which the court "specifically identified five factors to consider when determining the appropriateness of equitably tolling a statute of limitations: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 561 (6th Cir.2000)." *Dunlap, v. United States*, 250 F.3d 1001 (6th Cir. 2001). This list of factors is not necessarily comprehensive, and not all factors are relevant in all cases. *Miller v. Collins*, 305 F.3d 491 (6th Cir. 2002). "Absence of prejudice is to be considered only after a factor that might justify tolling is identified." *Allen v. Yukins*, 366 F.3d 396 (6th Cir. 2004), *quoting Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003).

The burden is on the petitioner to demonstrate that he is entitled to equitable tolling. *Keenan v. Bagley*, 400 F.3d 417, 420-22 (6th Cir. 2005); *Allen v. Yukins,* 366 F.3d 396 (6th Cir. 2004);

---

[2] While this assertion is not supported by documentary evidence, it has also not been controverted by Respondent and the Court accepts it as accurate.

*McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir. 2003); *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002). Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. *Jurado v. Burt*, 337 F.3d 638 (6th Cir. 2003), citing *Graham Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir.2000). Equitable tolling should be granted sparingly. *Solomon v. United States*, 467 F.3d 928, 033 (6th Cir. 2006).

Here Petitioner was at least arguably misled by the ODRC's calculation of his sentence into not filing until his claims had been finally rejected by the Ohio courts. There is certainly no prejudice to Respondent as it has available all of the evidence it needs to defend its position on the merits; none of the evidence has become unavailable as a result of the passage of time.

**Procedural Default**

Respondent contends Norman procedurally defaulted on his claim by not presenting it to the court of appeals on appeal from the first re-sentencing and also by not appealing from that decision to the Ohio Supreme Court. (Return of Writ, Doc. No. 12, PageID 49-52.) Petitioner makes no response to that argument in his Traverse.

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or

> demonstrate that failure to consider the claims will
> result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones,* 238 F. 3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963).

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U. S. 72 (1977). *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423 (6th Cir. 2009), citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Eley v. Bagley*, 604 F.3d 958, (6th Cir. 2010) *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), citing *Maupin v. Smith*, 785 F.2d 135, 138

(6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407 (2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin,* 785 F.2d, at 138.

Ohio does indeed have a relevant procedural rule. In Ohio, an issue not raised on a first direct appeal is barred by *res judicata* from being raised at a later stage in the proceedings. *State v. Perry,* 10 Ohio St. 2d 175, 226 N.E. 2d 104 (1967). The Ohio courts have consistently enforced the rule. *State v. Cole*, 2 Ohio St. 3d 112, 443 N.E. 2d 169 (1982); *State v. Ishmail*, 67 Ohio St. 2d 16, 423 N.E. 2d 1068 (1981). Federal courts in Ohio cases have held the rule is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F. 3rd 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994); *Van*

*Hook v. Anderson*, 127 F. Supp. 2d 899 (S.D. Ohio 2001).

When Norman finally did present this claim to the Hamilton County Court of Appeals, it did not rely on *res judicata* to decide the issue. Instead, it reached the merits of his claim and denied it on the merits. See *State v. Norman*, Case No. C-080192 (copy at Return of Writ, Ex. 12, PageID 164). Thus while Norman did procedurally default, it was not held against him by the court of appeals and thus cannot provide a defense in this Court.

## Cognizability of the Claim and Merits Analysis

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. §2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62 (1991).

Respondent asserts that Petitioner is merely appealing his sentence and that he has not identified any constitutional violation in his sentence. The Magistrate Judge agrees that to the extent Petitioner is relying on the Eighth Amendment, he has not presented a cognizable constitutional claim. His forty-eight year sentence is within the maximum sentences allowed by Ohio law for the offenses of which he was convicted and there is no United States Supreme Court precedent finding such a sentence to be cruel and unusual punishment for a string of armed robberies such as the jury

convicted Petitioner of committing.

Petitioner's claim boils down to this: he was resentenced by Judge Kraft from fifty-two years imprisonment to twenty-one years imprisonment and Judge Myers had no authority to change that sentence to forty-eight years when the case was again remanded in 2008.

In fact, the Constitution does apply to increases of sentencing on remand. *North Carolina v. Pearce, supra*. But the Ohio court of appeals expressly held there was no increase of sentence here. It found on appeal from the second resentencing that it had already interpreted the January 12, 2000, Judgment Entry as imposing a forty-eight year sentence and it pointed to language to that effect in its prior decision. It also pointed to evidence from Judge Kraft's re-sentencing hearing that supported its interpretation of what he intended to do.

Whether a state court can interpret a sentencing entry to impose consecutive sentences when it does not expressly say so is a question of state law. To put it another way, there is no federal constitutional law prohibiting that result.

In opposing this conclusion, Mr. Norman points to Ohio case law limiting the scope of authority on remand (Traverse, Doc. No. 13, PageID 320-322). But the Ohio cases do not establish federal constitutional law. When he made this point in the court of appeals, that court decided Judge Myers had not exceeded her authority or the scope of the remand, and that is purely a question of Ohio law.

He also points to the proposition that courts of record speak only through their journals. There is indeed Ohio law to that effect. "A court of record speaks only through its journal and not by oral pronouncement." *Schenley v. Kauth*, 160 Ohio St. 109, 51 Ohio Op. 30, 113 N.E. 2d 625 (1953)(syllabus). But that is Ohio law, not federal constitutional law. The fact that the Ohio courts

interpreted the January 12, 2000, Judgment Entry as imposing consecutive sentences, even if it were wrong under Ohio law, is not something this Court can correct, because we sit in habeas corpus only to decide federal constitutional questions.

Petitioner has not presented a claim under the United States Constitution. Nothing that the Ohio courts did in this case is contrary to or an objectively unreasonable application of clearly established Supreme Court precedent.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied any requested certificate of appealability and leave to appeal *in forma pauperis*.

November 30, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and

shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

J:\Documents\Norman Habeas R&R.wpd