UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Leon C. Norman, Jr., | : Case No. 1:10-cv-866 |
| Petitioner, | : |
| vs. | : |
| Warden, London Correctional Institution, | : |
| Respondent. | : |

**ORDER**

Before the Court are the Petitioner's objections to the Magistrate Judge's Report and Recommendations. (Doc. 18) Petitioner generally objects to the Magistrate Judge's recommendation that the petition for a writ of habeas corpus be dismissed with prejudice. (Doc. 17) For the following reasons, the Court adopts the Magistrate Judge's recommendations.

Norman was convicted by a state court jury on nine counts of robbery in varying degrees, each with firearm specifications, stemming from a series of four armed robberies. He was originally sentenced to a term of 52 years. Norman appealed, and the appellate court affirmed his conviction but remanded the sentence for specific factual findings then required under Ohio law. On remand, Norman's sentence was reduced to 48 years; the Judgment Entry imposing the sentence is somewhat unclear whether the sentences on all of the counts were to run concurrently or

consecutively. (See Exhibit 1 to Return of Writ, at PAGEID 60-61.) Norman appealed again, arguing that the court had reduced his sentence by four years (from 52 to 48 years) to avoid statutory maximum sentences on several counts, but had failed to make the required factual findings to impose consecutive sentences. The court of appeals denied his appeal because the trial court's articulated reasons for imposing the 48-year sentence were an adequate evidentiary basis upon which to affirm. (Exhibit 4 to Return of Writ, August 30, 2000 Order, at PAGEID 106.) In its opinion, the court specifically stated that Norman was challenging his 48-year sentence.

In February 2008, Norman appeared before the trial court for re-sentencing in order to add an express post-release control provision to the judgment (as was then required by Ohio law). The trial court entered a nunc pro tunc Judgment Entry of Incarceration. (Exhibit 5 to Return of Writ) This entry added the post-release control provision and clarified which of Norman's sentences ran consecutively and which sentences ran concurrently. No change was made to the overall length of the sentence of 48 years. Norman appealed this nunc pro tunc judgment, arguing that the original trial judge (Judge Kraft) had re-sentenced him in January 2000 to 21 years, not 48 years, and that the trial court (Judge Myers who was then assigned to the case) lacked power to increase his sentence. Norman based this

argument primarily on a document he had received from the Ohio Department of Rehabilitation and Corrections sometime in early 2000, after his 48-year sentence had been imposed, which stated that his total sentence was 21 years, calculated as a total of nine years on each of the robbery counts all running concurrently, and a total of twelve years on the gun specifications running consecutively. (Exhibit 9 to Return of Writ, Norman's brief on appeal and Appendix C, ODRC form.) Norman also argued that Judge Myers acted vindictively in increasing his sentence by 27 years. And he contended that the various robbery counts should have been merged as allied offenses of similar import under an Ohio statute.

The Court of Appeals rejected Norman's vindictiveness and jurisdictional arguments, specifically noting that his prior 2000 appeal had challenged his 48-year sentence and that the court had affirmed that sentence. Since there was no increase, there was no vindictiveness. However, the court granted remand for another re-sentencing, finding that his argument on merger had merit.[1] Norman's attempted appeal to the Ohio Supreme Court was rejected. (Exhibit 16 to Return of Writ)

On July 9, 2009, Norman was re-sentenced by Judge Myers

---

[1] The court held that the aggravated robbery and robbery charges as to each location Norman robbed should have been merged, because "the commission of aggravated robbery necessarily results in the commission of robbery." (Exhibit 12 to Return of Writ, Dec. 24, 2008 Order at 3, PAGEID 165).

pursuant to the remand order. After merging the related offenses, the court sentenced him to an aggregate term of 48 years. (Exhibit 17 to Return of Writ) The Ohio Court of Appeals and the Supreme Court rejected his appeals, and he then filed his petition for a habeas corpus relief in this Court. (Doc. 3) He raises one ground for relief, contending that the trial court improperly increased his sentence from 21 years to 48 years, violating his Eighth and Fourteenth Amendment rights.

## ANALYSIS

A federal court may issue a writ of habeas corpus to correct an error in a state proceeding that resulted in petitioner's confinement, if that proceeding was rendered fundamentally unfair by a violation of the Constitution or laws of the United States. <u>Clemmons v. Sowders</u>, 34 F.3d 352, 354 (6th Cir. 1994); 28 U.S.C. §2254(a). Norman's petition is governed by the requirements of the Antiterrorism and Effective Death Penalty Act. Under the AEDPA, a federal court may not grant habeas corpus relief to a state prisoner unless it concludes that the state court's adjudication of the prisoner's claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d). "A state court renders an adjudication 'contrary to' clearly established federal law when it 'arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law' or 'decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.'" Carter v. Mitchell, 443 F.3d 517, 524 (6th Cir. 2007), citing Williams v. Taylor, 529 U.S. 362, 412-13 (2000).

Equitable Tolling and Procedural Default

Respondent raised affirmative defenses of untimeliness and procedural default in its return. The Magistrate Judge found that Norman's claim was untimely but that he was entitled to equitable tolling of AEDPA's one-year statute of limitations. Norman asserted that he believed Judge Kraft had re-sentenced him in January 2000 to 21 years, and that the statement he received from the Department of Corrections reinforced that belief. He argued that any statement to the contrary in his earlier appellate brief was made by his attorney without his knowledge, and that it was only in February 2008, when Judge Myers sentenced him to 48 years, that he raised the issue on appeal. The Magistrate Judge concluded that Norman was arguably misled by ODRC's calculation of his sentence, and that Respondent is not prejudiced by the delay because all of the evidence needed to determine the issue is in the record.

The Magistrate Judge also found that Norman had defaulted

his claim by not presenting it to the Ohio Court of Appeals after his January 2000 re-sentencing, as Ohio's res judicata doctrine would normally bar Norman from raising it at a later stage. However, the Ohio Court of Appeals did not rely on res judicata when it considered Norman's arguments concerning the February 2008 re-sentencing. Rather, that court addressed and disposed of Norman's claim on the merits. Since his claim was raised and decided, the Magistrate Judge found that the procedural default doctrine does not bar this Court from reaching the merits.

Respondent has not objected to the Magistrate Judge's recommendations on either of these defenses. The Court has reviewed the record and agrees with the Magistrate Judge's conclusions.

Norman's Appeal of His Sentence

As noted above, habeas relief is available only if Norman can show that the state court proceedings violated federal law or the United States Constitution. The Magistrate Judge concluded that Norman was essentially challenging the length of his sentence, and did not state a cognizable federal constitutional claim under the Eighth Amendment. His sentence of 48 years was below the maximum statutory sentence he could have received, a fact that Norman does not dispute. Norman was convicted by the jury of armed robbery of four separate grocery or convenience stores, and in each case he pointed a gun at the store clerk or

owner and demanded money.  (See Exhibit 12 to Return of Writ, Dec. 24, 2008 Court of Appeals Order at 3, PAGEID 165.)  The Magistrate Judge concluded that a 48-year sentence for these crimes does not amount to cruel and unusual punishment under any United States Supreme Court precedent.

Norman does not dispute this conclusion in his objections.  He argues that the state re-sentencing proceedings violated his due process rights, as the courts failed to observe "that fundamental fairness to the very concept of justice."  (Doc. 18 at 1)  He again asserts that he was sentenced by Judge Kraft to 21 years in January 2000, and that the Ohio Department of Corrections told him his aggregate sentence would be 21 years.  Every year he receives an annual review of his security level, and the time remaining on his sentence is specifically confirmed at each yearly review.  He claims that no one told him that his sentence was longer than 21 years before his February 2008 re-sentencing.  He contends that Judge Myers had no jurisdiction to "interpret" what Judge Kraft found to be a proper sentence, as the only purpose for the 2008 re-sentencing was to inform him about the requirements of post-release control.  He suggests that Judge Myers abused her discretion when she re-stated his sentence, which violated his federal constitutional rights.

Criminal sentencing is a matter of state law.  Absent special circumstances that are not present in this case, no

federal constitutional issue arises from a claim that a sentence is too long, or has been improperly imposed under state law. See, e.g., Duffel v. Dutton, 785 F.2d 131, 134-135 (6th Cir. 1986), rejecting habeas relief to petitioner who challenged a sentencing enhancement that the Sixth Circuit found was properly imposed under state law. And it is beyond dispute that a federal court must "... defer to a state court's judgment on issues of state law and, more particularly, on issues of state procedural law." Vroman v. Brigano, 346 F.3d 598, 603 (6th Cir. 2003), quoting Israfil v. Russell, 276 F.3d 768, 771 (6th Cir. 2001). The several re-sentencing proceedings and Norman's claims of error arising from them involve Ohio sentencing law and procedure, and not federal law.

Norman asserts that his re-sentencing violated his federal Due Process rights. The Supreme Court has held that "the Due Process Clause guarantees the fundamental elements of fairness in a criminal trial. ... But it has never been thought that such cases establish this Court as a rule-making organ for the promulgation of state rules of criminal procedure." Spencer v. Texas, 385 U.S. 554, 563-564 (1967) (internal citations omitted). The fundamental elements of procedural fairness - including Norman's personal appearance at the re-sentencing hearings, representation by counsel, and the full panoply of appellate rights accorded to him throughout the process - are all present

here.  His sentence and the proceedings in the state court do not give rise to any cognizable federal due process violation.

**CONCLUSION**

As required by 28 U.S.C. §636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the Court has conducted a de novo review of the record in this case.  Upon such review, the Court finds that Norman's objections to the Magistrate Judge's Report are not well taken, and are therefore overruled.  The Court denies the petition for a writ of habeas corpus.

The Court finds that a certificate of appealability should not issue with respect to the petition, because reasonable jurists would not find it debatable whether the claim raised should be resolved in a different fashion, and whether the issue presented in the petition merits further review.  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

The Court certifies, pursuant to 28 U.S.C. §1915(a)(3) that an appeal of this Order would not be taken in good faith, and denies Norman leave to appeal in forma pauperis.  See Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

THIS CASE IS CLOSED.

DATED: January 11, 2012     s/Sandra S. Beckwith
                                      Sandra S. Beckwith
                                      Senior United States District Judge